UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal NO. 13-255(1)(DSD/FLN)

United States of America,

       Plaintiff,

v.                                            **ORDER**

Jose Maximino Sifuentes Gonzalez,

       Defendant.

    Andrew Dunne, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Jose Maximino Sifuentes Gonzalez, Reg. No. 17453-041, Great Plains Correctional Facility, P.O. Box 400, Hinton, OK 73047, pro se defendant.

This matter is before the court upon the motion by defendant Jose Maximino Sifuentes Gonzalez for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On January 23, 2014, Gonzalez pleaded guilty on one count of conspiracy to distribute more than 500 grams of cocaine and more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

In anticipation of Amendment 782 of the United States Sentencing Guidelines, the government agreed to move for a two-level downward variance on the condition that Gonzalez would "not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event that [Amendment 782] is implemented and made retroactive." ECF No. 158; see also ECF No. 169. At sentencing, Gonzalez argued that he was also eligible for a two-level departure

under the "safety valve" provisions of 18 U.S.C. § 3553(f) and Guidelines § 5C1.2. The government opposed on the ground that Gonzalez had not truthfully provided all information and evidence as required by 18 U.S.C. § 3553(f)(5). The court granted the government's motion for a downward variance and found that Gonzalez had not proven his eligibility for the safety valve provisions. The court sentenced Gonzalez on June 19, 2014, to a term of imprisonment of 70 months, followed by four years of supervised release.

Gonzalez now moves for a reduction in his total sentence under Amendment 782 and the safety valve provisions. The government opposes the motion on the grounds that Gonzalez already received a 2-level reduction for Amendment 782 and the court has already determined that he is not eligible for a safety valve reduction. The court agrees with the government.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. Here, the court previously granted the government's motion in anticipation of Amendment 782. Gonzalez is not entitled to additional relief under the same amendment. Nor is Gonzalez eligible for a safety-valve reduction,

as the court has already concluded. Accordingly, Gonzalez is not eligible for an additional sentence reduction.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 186] is denied.

Dated:  November 10, 2015

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court